No. A-CV-03-81

## COURT OF APPEALS OF THE NAVAJO NATION

April 22, 1982

Howard SMITH, Appellant.

vs.

Mary Jean CURLEY, Appellee.

ORDER REMANDING CAUSE

Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for appellant and Nona Smith, Esq., Window Rock, Navajo Nation (Arizona), for appellee.

Under 7 NTC Sec. 801(b) the Chief Justice may permit or deny an appeal on the basis of whether or not there is probable cause to believe the trial court has commited error. This is a paternity case coupled with a claim to determine the property rights of the parties. The defendant has, in his appeal, raised five asserted errors made by the Trial Judge: 1. That a motion for directed verdict should not have been denied; 2. That two exhibits were improperly considered by the court; 3. That the judgment was not supported by the evidence; 4. That the court did not divide property as demanded; and 5. That the court should have decided the issue of child custody.

Since the Chief Justice is to determine probable cause, it is difficult to do so without findings of fact and law by the trial court. Issue 1 does not necessarily call for a hearing because trial judges frequently deny motions for a directed verdict until the end of the trial. The exhibits recited in issue 2 appear from the file to be authentic and proper, and the issue of their proper consideration should be addressed by the trial court. Issue three most definitely calls for findings of fact by the trial court so this court may know the judge's reasoning in finding paternity. Since a property division was prayed and addressed in the order, there should be a statement of reasons for simply dividing the property in accordance with needs. Finally, it may be that the defendant established his connection with the child and the child's best interests as to justify granting custody to him, as would seem to be permitted under recent U.S. Supreme Court cases, but the failure to address custody remains a mystery.

Therefore, since findings of fact and law are required before this case can be properly reviewed by the Chief Justice it is hereby ORDERED:

1. That proceedings on appeal shall be stayed pending the

making of findings of fact and conclusions of law by the District Court;

2. That the District Court shall prepare findings of fact and conclusions of law within 30 days of the date of remand and shall give the parties the opportunity to submit draft findings for the court's consideration; and

3. That the court should consider the contention in paragraph IV of the plaintiff's answering brief on appeal that the parties were married at common law, which would seem to be supported by the admission in paragraph 2 of the defendant's answer that the parties, "were living together as husband and wife from October, 1977 to December 14, 1979," and address that issue.